**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gustavus K. JOHNSON, Defendant–
Appellant.**

**No. 08–16372
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 29, 2009.

Gustavus K. Johnson, Jesup, GA, pro se.

Zahra S. Karinshak, John Andrew Horn, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Gustavus Johnson, a federal prisoner convicted of, *inter alia,* crack cocaine offenses, appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir. 2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), *and,* —— U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009); *see also* U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range

---

1. "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008).

"because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

The district court did not err in concluding that Johnson was ineligible for a § 3582(c)(2) reduction. Johnson's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. At sentencing, Johnson's offense level was based on the career offender offense level in U.S.S.G. § 4B1.1(c)(2)(A), not the offense level for his crack cocaine offenses found in U.S.S.G. § 2D1.1(c)'s drug quantity tables.[2] Although the sentencing court departed downward three levels, Johnson's sentencing range was not affected by Amendment 706. *See Moore,* 541 F.3d at 1327–30 (concluding that Amendment 706 has no effect on the sentencing range of a defendant sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 even when the defendant received a § 5K1.1 downward departure and that the defendant thus is not eligible for a § 3582(c)(2) reduction).

■ Johnson's argument that he is eligible for a § 3582(c)(2) reduction based on *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), is foreclosed by our precedent. *See United States v. Melvin,* 556 F.3d 1190, 1192–93 (11th Cir.2009) (concluding that *"Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert.*

filed, (U.S. Feb. 10, 2009) (No. 08–8664); *United States v. Jones,* 548 F.3d 1366, 1369 (11th Cir.2008) (concluding that *Booker* does not provide a basis on which to grant a § 3583(c)(2) motion), *cert. denied,* —— U.S. ——, 129 S.Ct. 1657, 173 L.Ed.2d 1025 (2009). To the extent Johnson argues that the district court at his original sentencing should have calculated his offense level using U.S.S.G. § 2D1.1, this argument is outside the scope of a § 3582(c)(2) proceeding. *See* 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases where retroactive amendment affects the applicable sentencing range); *United States v. Bravo,* 203 F.3d 778, 781 (11th Cir.2000) (explaining that § 3582(c)(2) proceedings do not constitute a *de novo* resentencing).

**AFFIRMED.**

---

**2.** Because Johnson qualified as a career offender under U.S.S.G. § 4B1.1(a), and his multiple counts of conviction included an 18 U.S.C. § 924(c) firearms offense, his applicable guidelines range was the greater of that

called for by either U.S.S.G. § 4B1.1(c)(2)(A) or § 4B1.1(c)(2)(B). U.S.S.G. § 4B1.1(c)(2). Because the range calculated pursuant to § 4B1.1(c)(2)(A) was the greater of the two, that range applied.